UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN C. KING,<br>    Plaintiff<br>  v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>    Defendant. | Case No. 8:17-cv-00875-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

# I. PROCEDURAL HISTORY

Plaintiff Robin C. King ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 7 and 14] and briefs addressing disputed issues in the case [Dkt. 17 ("Pl. Br."), Dkt. 18 ("Def. Br."), and Dkt. 19 (Pl. Rep.)]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for additional proceedings.

/ / /

/ / /

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In January 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of March 6, 2012. [Dkt. 16, Administrative Record ("AR") 20, 279-94.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 20, 169-71, 180-85.] Hearings were held before Administrative Law Judge John W. Wojciechowski ("the ALJ") on September 28, 2015, and February 1, 2016. [AR 42-87.] On March 23, 2016, the ALJ issued an unfavorable decision. [AR 20-32.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had worked after her alleged disability onset date, but the work activity did not constitute disqualifying substantial gainful activity. [AR 22, 29.] At step two, the ALJ found that Plaintiff suffered from the severe impairments of post-concussive syndrome, status post traumatic brain injury, depressive disorder, anxiety disorder, seizure disorder, fibromyalgia, and cervical degenerative disc disease. [AR 23.] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [*Id.*]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the following:

> occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently climb, balance, stoop, kneel, crawl, and crouch; never use ladders, ropes, or scaffolds; avoid even moderate exposure to industrial workplace hazards; frequently handle and reach with the bilateral upper extremities; and limited to simple repetitive tasks, no public contact, and only occasional contact with

coworkers and supervisors. [AR 25.] At step four, the ALJ found that Plaintiff was unable to perform her past relevant work. [AR 31.] At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including representative occupations such as assembler and hand packager, based on Plaintiff's RFC, age (46 years old on alleged onset date), education, and work experience. [AR 31-32.]

The Appeals Council denied review of the ALJ's decision on April 13, 2017. [AR 1-7.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ failed to adequately assess Plaintiff's testimony regarding her pain and limitations.
2. The ALJ failed to properly consider Plaintiff's processing speed.
3. The ALJ failed to properly consider the opinion of Plaintiff's psychiatrist.

[Pl. Br. at 1-10; Pl. Rep. at 1-10.]

Plaintiff requests reversal and remand for payment of benefits or, in the alternative, remand for further administrative proceedings. [Pl. Br. at 10; Pl. Rep. at 10.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 11.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

### A. Plaintiff's RFC: Slow Processing Speed and Slow Pace Completing Assignments and Tasks

Plaintiff contends the ALJ erred in assessing her RFC by failing to properly consider medical evidence of her extremely slow processing speed and limitations in her ability to timely complete assignments and tasks. [Pl.'s Br. at 7-9; Pl. Rep. at 7-10.]

In June 2013, neuropsychologist Dr. Alina Fong and clinical psychologist Dr. Ryan Houston conducted a psychological examination of Plaintiff. [AR 719-28.] Plaintiff reported that she incurred a brain injury in March 2012, when a scanning machine fell on her head while she was at work. [AR 719-20.] Standardized intelligence testing indicated that Plaintiff's processing speed index score was in the extremely low range (1st percentile). [AR 725.] Based on Plaintiff's extremely slow processing speed, Drs. Fong and Houston opined that Plaintiff "is likely to be slow at completing assignments and tasks," "will likely take much longer than her peers to process information," and "will have some severe impairment at work." [AR 727-28.]

In August 2015, Plaintiff underwent a neuroeducational assessment for an acquired brain injury program supervised by psychologist Dr. James Pasino. [AR 859, 862-63.] Plaintiff presented with significantly impaired visual attention and processing speed and became overwhelmed when presented with too much visual information at one time. [AR 859, 862.] Plaintiff was able to complete tasks only "when given ample amount of time." [AR 862.] Dr. Pasino recommended that information be provided to Plaintiff verbally if time and speed are essential. [*Id.*]

The ALJ found Plaintiff had the RFC for a restricted range of light work, with a limitation to simple, repetitive tasks. [AR 25.] Notably, the ALJ omitted from the

4

RFC assessment restrictions based on Plaintiff's slow processing speed and slow pace in completing tasks, as assessed by Drs. Fong, Houston and Pasino. While the ALJ acknowledged Dr. Fong's and Dr. Houston's opinions that Plaintiff is likely to be slow at completing assignments and tasks "w[ere] not inconsistent with the evidence," the ALJ stated that he was giving their opinions "less weight" and adopting the "more restrictive" RFC, as set forth in the decision. [AR 30, 728.] The ALJ did not discuss Dr. Pasino's findings that Plaintiff needed an ample amount of time to complete tasks and had significantly impaired processing speed and visual attention.[1] [AR 859, 862.]

      The ALJ's RFC assessment is incomplete because it did not adequately reflect Drs. Fong's, Houston's and Pasino's opinions establishing Plaintiff's slow pace in completing tasks and assignments. [AR 25, 28, 30, 725-28, 862]; *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, . . . 'the effects of symptoms . . .that are reasonably attributed to a medically determinable impairment.'") (quoting Social Security Ruling ("SSR") 96-8p)); *Carmickle*, 533 F.3d at 1164 (ALJ erred in failing to include in the RFC assessment the opinion of claimant's treating physician that claimant's tendonitis significantly limited his ability to perform rotary movement). Contrary to the ALJ's suggestion, an RFC for a restricted range of light work with a limitation to simple, repetitive tasks does not accommodate Plaintiff's slow pace in completing tasks and assignments. *See*, *e.g.*, *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (finding that a restriction to "simple, repetitive work" did not adequately capture the

---

[1] The Court notes that the ALJ briefly addressed and rejected Dr. Pasino's statement from a June 2015 disability verification form describing Plaintiff's disabilities as "permanent/chronic." [AR 30, 807, 810, 860.] However, the ALJ failed completely to mention Dr. Pasino's examination findings regarding Plaintiff's impaired processing speed and need for an ample of time to complete tasks, as set forth in his August 2015 neuroeducational assessment. [AR 859, 862.]

5

claimant's moderate restrictions as to concentration, persistence, or pace, as the repetitive assembly-line work addressed by the VE might require extensive focus and speed); *Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (finding the ALJ erred by accepting the claimant had limitations as to concentration, persistence, or pace and then failing to include such limitations in the RFC, which only limited the claimant to one-to three-step tasks); *Lee v. Colvin*, 80 F. Supp. 3d 1137, 1151 (D. Or. 2014) (because the ALJ accepted that claimant had moderate restrictions as to concentration, persistence, she erred by failing "to address these specific restrictions in claimant's RFC"); *see also Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (agreeing with four other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work). As the ability to perform simple, repetitive tasks differs from the ability to complete tasks in a timely manner and at a reasonable pace, the ALJ's RFC assessment is not supported by substantial evidence.[2]

The Commissioner argues that the RFC assessed by the ALJ was supported

---

[2] The Court finds that the facts in this case are distinct from those in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In *Stubbs-Danielson*, the claimant's doctor found that the claimant was able to "carry out simple tasks," even though the claimant was identified as having "slow pace." *Id.* at 1173. As the medical evidence did not establish and the ALJ did not find that the claimant had any specific restrictions based on slow pace, the Ninth Circuit upheld the ALJ's RFC assessment for simple, routine work. *Id.* at 1175. Here, in contrast, the opinions of Drs. Fong and Houston established that Plaintiff's slow processing speeds would cause Plaintiff to be slow at completing tasks, and neither doctor indicated that simple, repetitive tasks could be performed with such limitations. [AR 30, 726-28.] The ALJ also expressly found Plaintiff had "moderate" concentration, persistence, or pace difficulties. [AR 24.] Thus, unlike *Stubbs-Danielson*, the medical evidence in Plaintiff's case was not consistent with the assessed RFC for simple, repetitive tasks. *See Brink*, 343 F. App'x at 212 (finding that *Stubbs-Danielson* does not apply when the medical evidence establishes and the ALJ accepts that the claimant has limitations with concentration, persistence, or pace).

by the opinions of the State agency medical consultants, who found that Plaintiff was able to perform "unskilled work." [Def. Br. at 5-6; AR 30, 100, 117.] However, the Commissioner fails to explain how a limitation to unskilled work accommodates a restriction to slow processing speed and pace in completing tasks. *See Brink*, 343 F. App'x at 212. Moreover, the ALJ accorded "little weight" to the opinions of the medical consultants because they "did not have the benefit of personally observing and examining [Plaintiff]" and their opinions were "not consistent with the record as a whole." [AR 30.] The ALJ's decision cannot be affirmed based on reasons not asserted by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (the Court is "constrained to review the reasons the ALJ asserts"); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency").

The Commissioner also argues that the ALJ properly relied on the "opinion evidence" in determining that Plaintiff had the RFC for a reduced range of light work, with a limitation to simple, repetitive tasks. [Def. Br. at 5, 7.] As discussed, however, the ALJ accepted Dr. Fong's and Dr. Houston's findings that Plaintiff was limited by slow pace in completing tasks, but failed to accommodate that restriction in the RFC. [AR 727-28.] The ALJ also failed to even mention Dr. Pasino's finding that Plaintiff required an "ample amount of time" to complete tasks. [AR 859, 862.] Thus, the ALJ erred by disregarding these doctors' opinions without offering legally justifiable reasons for doing. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As such, the "opinion evidence" does not provide support for the ALJ's RFC assessment.

Finally, the Commissioner asserts that the ALJ properly relied on "Plaintiff's ability to perform extensive activities of daily living" in determining Plaintiff's RFC. [Def. Br. at 5, 7; AR 29-30.] In assessing Plaintiff's subjective symptom

testimony, the ALJ noted that Plaintiff's admitted activities included personal care, going to work, buying groceries, listening to music, watching movies, reading, taking out the trash, loading the dishwasher, doing laundry, cleaning, vacuuming, paying bills, taking classes, surfing the Internet, walking, driving, shopping, going to the library, spending time with others, talking on the telephone, and going out to lunch. [AR 29-30.] The Commissioner suggests that these activities indicate that Plaintiff is able to carry out an RFC for a limited range of light work, with limitations to simple, repetitive tasks. [Def. Br. at 5-7.] However, in determining Plaintiff's RFC, the ALJ was obligated to consider "*all* the relevant evidence in the case record." SSR 96-8p (emphasis in original); 20 C.F.R. § 404.1545(a). In assessing Plaintiff's RFC, the ALJ erred by failing to properly consider the medical evidence establishing that Plaintiff's slow processing speed impaired her ability to complete assignments and tasks at an adequate pace, regardless of Plaintiff's ability to engage in various daily activities. [AR 25, 30, 727-28, 862]; *see Carmickle*, 533 F.3d at 1164. Further, the Commissioner fails to explain how Plaintiff's participation in the reported activities indicates that Plaintiff was capable of working an entire workday without significant issues relating to slow processing speed or slow pace in completing tasks. *See*, *e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). While Plaintiff did attempt to return to work as a bank teller on a part-time basis in 2012 and 2013, and participated in a job training program in 2014, these attempts were brief and unsuccessful. [AR 60-63.] Plaintiff testified that she had been unable to perform the bank teller job even on a modified basis due to her medical conditions and she was not able to pass the job training program. [AR 61-63.] Moreover, the ALJ found that these work attempts did not constitute substantial gainful activity. [AR 22, 29.] Thus, the Commissioner's argument that the ALJ's RFC should be upheld based on Plaintiff's reported daily

8

1  activities is rejected.

    Based on the foregoing, the ALJ failed to adequately address Plaintiff's slow pace in completing tasks and assignments in Plaintiff's RFC. Accordingly, remand is warranted on this issue.

## V.  CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits, *id.*, and it is only the "unusual case" that meets this standard, *Benecke*, 379 F.3d at 595. Moreover, if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 880 F.3d at 1045 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

9

Here, the ALJ's assessment of Plaintiff's RFC did not reflect a full and accurate consideration of all the medical evidence. Because questions regarding the extent to which Plaintiff's symptoms limit her ability to work remain unresolved, the record has not been fully developed and remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1020; *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (remand for further proceedings is appropriate when the record is not "fully developed"). On remand, the ALJ should conduct a review of the entire record in a manner consistent with the Court's findings and reassess Plaintiff's RFC.[3]

**IT IS ORDERED.**

DATED: May 22, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached the remaining issues raised by Plaintiff (i.e., whether the ALJ erred in assessing Plaintiff's subjective symptom testimony and whether the ALJ properly considered the opinion of Plaintiff's psychiatrist), except as to determine that reversal with the directive for immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand.